IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DONALD DOC VAUGHAN, JR.,
    Petitioner,

v.                                                            Civil No. 3:22cv619 (DJN)

COMMONWEALTH OF VIRGINIA,
    Respondent.

**MEMORANDUM OPINION**

Donald Doc Vaughan, Jr. ("Petitioner"), a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 5), challenging his convictions in the Circuit Court for Lancaster County ("Circuit Court"). Respondent has moved to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars Petitioner's § 2254 Petition. (ECF No. 12.) Despite being provided with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner has failed to respond. As explained below, the Motion to Dismiss (ECF No. 10) will be GRANTED, and the § 2254 Petition (ECF No. 5) will be DENIED as untimely.[1]

### I.    PROCEDURAL HISTORY

On April 19, 2012, Petitioner pled guilty in the Circuit Court to three counts of forcible sodomy; two counts of breaking and entering with the intent to commit murder, rape or robbery; one count of rape; and one count of aggravated sexual battery. (*See* Sentencing Order (ECF No. 12-1) at 1.) On June 29, 2012, the Court entered judgment and sentenced Petitioner to life in

---

[1] The Court corrects the capitalization, spelling and punctuation and omits emphasis and symbols in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

prison on the forcible sodomy and rape charges, with all but 60 years suspended, and 20 years in prison on the burglary and aggravated sexual battery charges, to run concurrently with one another as well as the sentences Vaughan was serving the state of Maryland. (Sentencing Order at 2.) Petitioner did not timely file an appeal.

Instead, almost eight years later, on March 19, 2020, Petitioner filed a *pro se* Notice of Appeal with the Circuit Court. (ECF No. 12-4, at 1.) The Clerk of the Circuit Court refused to accept the March 19, 2020 Notice of Appeal, because it was filed well outside of the thirty-day deadline for filing a notice of appeal.[2] (ECF No. 12-5, at 1.)

On February 4, 2021, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. (ECF No. 12-6, at 9.) On July 23, 2021, the Supreme Court of Viriginia dismissed the petition because it was not timely filed as required by section 8.01–654(A)(2) of the Code of Virginia.[3] (ECF No. 12-7, at 1 (citation omitted).)

On or about September 5, 2022, Petitioner mailed his original 28 U.S.C. § 2254 petition to this Court.[4] (ECF 1, at 6.) In his § 2254 Petition, Petitioner contends that the following grounds entitle him to relief:

---

[2] Va. Sup. Ct. R. 5A:6(a).

[3] That statute provides:

> A habeas corpus petition attacking a criminal conviction or sentence shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2022).

[4] Petitioner does not specify when he placed his original federal habeas petition in the prison mailing system (ECF No. 1, at 7); however, Petitioner indicates he executed original habeas petition on September 5, 2022, (*id.* at 6). The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding that a "notice of appeal

| | | |
|---|---|---|
| Claim One: | "Under the influence of medication [at] the time of so-called confession." (§ 2254 Petition at 5.) | |
| Claim Two: | "Attorney wasn't doing his job and did not provide me with the assistance I need . . . and didn't have me evaluated by any doctors due to my mental health problems." (*Id.* at 7.) | |
| Claim Three: | "Inadequate treatment, and inadequate supplies being provided and inadequate food." (*Id.* at 8.) | |
| Claim Four: | "Held from documents . . . . Didn't have knowledge or access to obtain records or knowledge due to conditions." (*Id.* at 10.) | |

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").

3

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Petitioner's judgment became final on Monday, July 30, 2012, when the time to file a notice of appeal with the Circuit Court expired. *See* Va. Sup. Ct. R. 5A:6 (requiring notice of appeal to be filed within thirty (30) days of entry of final judgment). The statute of limitations expired a year later, on Tuesday, July 30, 2013. Petitioner failed to file his § 2254 Petition by that time.

Consequently, the AEDPA's one-year statute of limitations bars Petitioner's § 2254 Petition unless Petitioner can demonstrate entitlement to a belated commencement of the limitations period or that some equitable exception allows him to avoid the statute of limitations. Neither Petitioner nor the record suggests any plausible basis for a belated commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(B)–(D). Furthermore, as explained below, Petitioner fails to demonstrate entitlement to equitable tolling of the limitation period.

### C. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable

4

tolling "bears a strong burden to show specific facts" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Petitioner asserts that the Court should consider his § 2254 Petition timely because:

> Due to attorney did not tell me anything regarding this nor did I have knowledge of this or any information to obtain information to file in the time of the limitation as contained in 28 U.S.C. § 2244(d) and also due to the fact that I've contact this court trying to obtain records or force the courts to give me my court records/discovery in my case and also I've wrote to the Attorney General's Office requesting documents and have not got a response dating back to 2013 to present date and due to the fact that I have no knowledge of any law.

(§ 2254 Petition at 13–14.) Essentially, Petitioner asserts that he is entitled to equitable tolling because: (1) he is proceeding *pro se* and did not receive the effective assistance of counsel; and, (2) he failed to receive unidentified records from counsel or the courts. Neither of these circumstances entitle Petitioner to equitable tolling.

An error or omission of counsel is not an extraordinary circumstance and fails to serve as a ground for equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 248–49 (4th Cir. 2003) (explaining that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding" (quoting *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000))). Additionally, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citation omitted).

Furthermore, Petitioner fails to demonstrate, as he must, how the lack of any documents prevented him from filing his § 2254 Petition. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))). "[T]here is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). Petitioner fails to demonstrate that his lack of access to specific documents prevented him from setting forth in summary form the facts that support his claims. *Weibly v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (holding petitioner's argument "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition"); *United States v. Butler*, 178 F. App'x 327, 327 (4th Cir. 2006) (observing that criminal defendants generally can rely upon their own recollection in preparing a collateral attack); *cf. Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1013–14 (9th Cir. 2009) (refusing to equitably toll limitation period where inmate had access to some, but not all of his files and did "not point to specific instances where he needed a particular document [and] could not have kept that document").

Finally, Petitioner fails to demonstrate that he exercised diligence in seeking to file his

§ 2254 Petition in the eight-plus years since his convictions became final. *Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))). Accordingly, Petitioner's § 2254 Petition is time-barred.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 10) will be GRANTED. Petitioner's § 2254 Petition (ECF No. 5) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[5]

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: December 12, 2022

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appeal ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner fails to meet this standard.